No. 22-20222

---

## In the United States Court of Appeals
## for the Fifth Circuit

# United States of America,

*Plaintiff-Appellee*

v.

# Nolan Sharp,

*Defendant-Appellant*

———————

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

———————

# Appellant's Brief

———————

Nelson S. Ebaugh
Nelson S. Ebaugh, P.C.
3730 Kirby Drive, Suite 1200
Houston, Texas 77098
(713) 752-0700

*Counsel for Defendant-Appellant*

## Certificate of Interested Persons

United States v. Nolan Sharp

No. 22-20222

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

1. The Honorable Keith P. Ellison, United States District Judge

2. The Honorable Peter Bray, United States Magistrate Judge

3. The Honorable Christina A. Bryan, United States Magistrate Judge

4. The Honorable Sam S. Sheldon, United States Magistrate Judge

5. Nolan Sharp, Defendant – Appellant

6. United States of America, Plaintiff – Appellee

7. Counsel for Plaintiff – Appellee:
   United States Attorney Jennifer Lowery, Assistant United States Attorney Carmen Castillo Mitchell (appellate counsel)

8. Former Counsel for Plaintiff – Appellee:
   Acting United States Attorney Jennifer B. Lowery, Assistant United States Attorneys Matthew Peneguy and James D. McAlister (district court counsel)

9. Counsel for Defendant – Appellant:
   Nelson S. Ebaugh (appellate counsel)

## Certificate of Interested Persons – (Cont'd)
United States v. Nolan Sharp
No. 22-20222

10. Former Counsel for Defendant – Appellant:
   James Stafford, Philip G. Gallagher, and Marjorie A. Meyers
   (district court counsel)

These representations are made in order that the judges of this

Court may evaluate possible disqualification or recusal.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

## Statement Regarding Oral Argument

Section 2K2.1(b)(4)(B) of the Sentencing Guidelines provides for a four-level enhancement to a sentence for a conviction under § 922(g)(1) "[i]f any firearm . . . had an altered or obliterated serial number." The district court applied this enhancement despite Mr. Sharp's objection arguing that the enhancement was inapplicable because there was no evidence that the firearm ever had a serial number. Although this Court has never ruled on such a fact pattern, four of this Court's sister circuits have. The Second, Eighth, Ninth, and Tenth Circuits have held that a district court cannot apply a § 2K2.1(b)(4)(B) enhancement if the firearm did not have a serial number in the first place. Because this is a case of first impression for this Court, Mr. Sharp requests oral argument.

# **Table of Contents**

Page

Certificate of Interested Persons ..................................................i

Statement Regarding Oral Argument ................................... iii

Table of Contents....................................................................iv

Table of Citations ...................................................................v

Statement of Jurisdiction.........................................................1

Statement of the Issue ............................................................2

Statement of the Case .............................................................3

Summary of Argument............................................................8

Argument .................................................................................9

   A. Standard of Review ........................................................9

   B. The district court clearly erred by applying an enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B) .................10

Conclusion.............................................................................16

Certificate of Service ............................................................17

Certificate of Compliance .....................................................18

# Table of Citations

Page

## Cases

Gall v. United States,
    552 U.S. 38 (2007) ................................................................. 9

Molina-Martinez v. United States,
    136 S. Ct. 1338 (2016) ....................................................... 15

United States v. Bakhtiari,
    913 F.2d 1053 (2d Cir. 1990) ...................................... 10, 11, 12, 13, 14

United States v. Brown,
    470 F.3d 1091 (5th Cir. 2006) ............................................ 9

United States v. Cisneros-Gutierrez,
    517 F.3d 751 (5th Cir. 2008) .............................................. 9

United States v. Ibarra-Luna,
    628 F.3d 712 (5th Cir. 2010) ............................................. 15

United States v. Jones,
    927 F.3d 895 (5th Cir. 2019), as revised (Aug. 8, 2019) ........... 5, 13, 14

United States v. Klein,
    543 F.3d 206 (5th Cir. 2008) .............................................. 9

United States v. Laughrin,
    438 F.3d 1245 (10th Cir. 2006), as amended (Mar. 16, 2006) ...... 11, 12

United States v. Mann,
    701 F.3d 274 (8th Cir. 2012) ............................................ 10

United States v. Mecham,
    950 F.3d 257 (5th Cir.), cert. denied,
    141 S. Ct. 139, 207 L. Ed. 2d 1082 (2020) ........................... 15

United States v. O'Flanagan,
339 F.3d 1229 (10th Cir. 2003) ............................................................ 12

United States v. Perez,
585 F.3d 880 (5th Cir. 2009) ................................................ 10, 13, 14

United States v. Seesing,
234 F.3d 456 (9th Cir. 2000) ................................................ 11, 12, 13

## Statutes

18 U.S.C. § 922(g)(1) ............................................................ 2, 3, 8, 10

18 U.S.C. § 924(a)(2) ........................................................................ 3

18 U.S.C. § 3742 ............................................................................... 1

28 U.S.C. § 1291 .............................................................................. 1

## Rules

Fed. R. App. P. 4(b) ......................................................................... 1

## Guidelines

U.S.S.G. § 2K2.1 ............................................................................. 12

U.S.S.G. § 2K2.1 historical note (2005) ................................... 12

U.S.S.G. § 2K2.1(a)(6)(A) .............................................................. 3

U.S.S.G. § 2K2.1(b)(1)(A) .......................................................... 4, 5

U.S.S.G. § 2K2.1(b)(4) application note 16 ............................... 12

U.S.S.G. § 2K2.1(b)(4) app. C vol. I, amd. 478 (2003) ............. 12

U.S.S.G. § 2K2.1(b)(4) ........................................................ passim

U.S.S.G. § 2K2.1(b)(4)(B) .................................................. passim

U.S.S.G. § 2K2.1(b)(6)(A) ...................................................... 4, 5

U.S.S.G. § 2K2.2(b)(2) ............................................................. 14

U.S.S.G. Ch. 5, pt. A (Sentencing Table) ................................. 15

<u>Other</u>

Roger W. Haines, Jr. et al., Federal Sentencing Guidelines Handbook: Text and Analysis § 2K2.1 at 963 (2021 ed.) ........................................... 10

## Statement of Jurisdiction

This Court has appellate jurisdiction over the district court's final judgment of conviction and sentence under 28 U.S.C. § 1291. Jurisdiction also lies pursuant to 18 U.S.C. § 3742. Mr. Sharp timely filed his notice of appeal in accordance with Rule 4(b) of the Federal Rules of Appellate Procedure. ROA.63-68, 69-70.

# Statement of the Issue

Section 2K2.1(b)(4)(B) of the Sentencing Guidelines provides for a four-level enhancement to a sentence for a conviction under § 922(g)(1) "[i]f any firearm . . . had an altered or obliterated serial number." The district court applied this enhancement despite Mr. Sharp's objection arguing that the enhancement was inapplicable because there was no evidence that the firearm ever had a serial number. Did the district court clearly err in applying the § 2K2.1(b)(4) enhancement?

**Statement of the Case**

A grand jury charged Nolan Sharp in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  ROA.9-10.  Mr. Sharp entered a guilty plea to the one-count indictment.  ROA.125.  The government made the following brief statement of what it would have proved had the case gone to trial:

> Your Honor, the government would show that on December 4th of 2020, HPD conducted a traffic stop on Homer Street in Houston, Southern District of Texas. Upon the traffic stop, the officers approached the defendant, who opened his car door, and he was asked to show his hands. The HPD officer saw a black pistol in the suspect's lap, and after they saw the pistol, they detained the defendant and found out that he had at least two prior convictions for burglary of a habitation in which he served time in prison, which shows that he knew that he had a felony conviction.
>
> In addition to that, an ATF records search showed the pistol did travel in interstate commerce.
>
> ROA.121-22.

Mr. Sharp acknowledged that this recitation of the facts was "true." ROA.122.

After the guilty plea, a pre-sentence investigation report (PSR) was prepared.  Pursuant to U.S.S.G. § 2K2.1(a)(6)(A), Mr. Sharp's base offense level was 14 because he was a prohibited person at the time that

he committed the instant offense.  ROA.187 (PSR ¶ 20).  Mr. Sharp
received a two-level enhancement under U.S.S.G § 2K2.1(b)(1)(A)
because the offense purportedly involved four firearms.  ROA.187 (PSR ¶
21).  In addition, Mr. Sharp received a four-level enhancement pursuant
to U.S.S.G. § 2K2.1(b)(4)(B) because "[a] short-barreled rifle, without a
serial number, was recovered during a search of the [Mr. Sharp's] vehicle
subsequent to his arrest."  ROA.188 (PSR ¶ 22).  Finally, Mr. Sharp
received a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(A)
because he purportedly possessed two firearms "while engaging in
organized crime, to wit: participating in a catalytic converter theft ring,
a felony."  ROA.188 (PSR ¶ 23); ROA.215.  With a three-level reduction
for acceptance of responsibility, Mr. Sharp's total offense level was 21.
ROA.188 (PSR ¶ 29).  His criminal history score was 10, resulting in a
criminal history category V.  ROA.193 (PSR ¶ 40).  His advisory
imprisonment range was 70-87 months.  ROA.203 (PSR ¶ 84).

At sentencing, Mr. Sharp pressed his objections to the three
guideline enhancements.  ROA.130-37.  The government consented to the
removal of the enhancement under U.S.S.G § 2K2.1(b)(1)(A) and the
enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(A).  ROA.135-36, 222.

Accordingly, the district court determined that the enhancements under U.S.S.G §§ 2K2.1(b)(1)(A) and 2K2.1(b)(6)(A) should not be applied. ROA.135-36, 215.

Mr. Sharp challenged the § 2K2.1(b)(4)(B) enhancement, for purportedly altering or obliterating a serial number on a firearm, by arguing that there was no evidence that the firearm even had a serial number in the first place. ROA.130-33, 211-214. The government responded by claiming that *United States v. Jones*, 927 F.3d 895 (5th Cir. 2019) supported application of the enhancement:

> MR. MCALISTER: Your Honor, I did find a Fifth Circuit case, and while it is not exactly on point, it certainly has the language the Court could use to make a ruling. It's *United States vs. Jones*, 927 F3rd 895. And this is language -- this gun in question had a plate on it, and the plate on the gun was removed at some point.
>
> Now, it didn't matter who removed it. It wasn't altered. It wasn't obliterated. It wasn't scratched. It just wasn't there. So the fact it wasn't there, the defense made a similar argument to the Court.
>
> And this is what the Court said: *Jones* counters that the guideline is not applicable here because the serial number itself was not altered or obliterated, which is what the defense is arguing. Rather, the firearm itself was altered and there was no serial number. The Court says, We disagree with this flawed semantic distinction because the efficacy of the serial number plate is negated by its removal from the firearm. So

the efficacy of the serial number is negated because it is not on this firearm.

ROA.131-32.

The district court asked the government's attorney if Mr. Sharp was responsible for the absence of a serial number on the firearm. ROA.132. In response, the government's attorney contended that because § 2K2.1(b)(4)(B) was a strict liability enhancement, no proof that Mr. Sharp obliterated or altered the serial number was necessary:

> MR. MCALISTER: And then I have a case saying it doesn't matter whether the defendant knew about it or not. It is really a strict liability issue to keep defendants from running around with untraceable guns, and that case is *Perez*.
>
> In this particular case that I cited to you before, they talk about that being a flawed argument.  A serial number removed from its product effectively obliterates because it no longer serves its purpose of identifying the item. And that is what happened here. There is no serial number, or in the report it says serial number missing. Whether he removed it or not, he had a weapon that no longer has a serial number to identify it, makes it untraceable, and that is what the Court and the guidelines are trying to prevent.

ROA.132-33.

Ultimately, the district court overruled Mr. Sharp's objection to the § 2K2.1(b)(4)(B) enhancement because "it's a strict liability offense, . . . the law is worried about . . . untraceable and unmarked guns." ROA.135.

After ruling on Mr. Sharp's objections, the district court concluded that Mr. Sharp's total offense level was 15. ROA.140, 215. Combined with a criminal history category V, Mr. Sharp's advisory imprisonment range was 37-46 months. ROA.140, 215.

Mr. Sharp's attorney requested a low-end guideline sentence because, among other reasons, Mr. Sharp is "facing punishment over in state court as well." ROA.141. The government's attorney asked for the high end of the guideline range, i.e., 46 months. ROA.138-40. After remarking that "this is a top of the guidelines sentence" and that the "record is sobering," the district court imposed a high-end guideline sentence of imprisonment of 46 months, to run concurrently with the sentence imposed, if any, in cause number 1700807, which is currently pending in the 338th District Court for Harris County, Texas, a term of supervised release of three years, a $100 mandatory special assessment, no fine and no restitution. ROA.63-68, 143-45.

## Summary of the Argument

Section 2K2.1(b)(4)(B) of the Sentencing Guidelines provides for a four-level enhancement to a sentence for a conviction under § 922(g)(1) "[i]f any firearm . . . had an altered or obliterated serial number." The district court applied this enhancement over Mr. Sharp's objection.

Here, the record is devoid of evidence that would support any finding that the short-barreled rifle recovered from Mr. Sharp's vehicle had a serial number in the first place. Further, the record is devoid of evidence that Mr. Sharp or anyone else "altered or obliterated" the firearm in Mr. Sharp's possession.

Accordingly, this Court should vacate the district court's application of the enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B) and remand for resentencing based on a recalculation of the sentencing range without the enhancement.

## Argument

### A.    Standard of Review

In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court bifurcated the process for reviewing a sentence. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Under *Gall*, this Court must assess whether the issue complained of on appeal constitutes a "significant procedural error." *Id.* If it does not, this Court then reviews the "substantive reasonableness" of the sentence for abuse of discretion. *Id.* Arguments about a district court's application of Sentencing Guideline enhancements fall under the "claim of significant procedural error" heading. *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008) ("An error in applying the guidelines is a significant procedural error that constitutes an abuse of discretion.") (citing *Gall*, 128 S.Ct. at 597). In examining such alleged procedural errors, this Court reviews the district court's interpretation of the Sentencing Guidelines de novo, and reviews any factual determinations made in sentencing for clear error. *Cisneros-Gutierrez*, 517 F.3d at 764. "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Brown*, 470 F.3d 1091, 1094 (5th Cir. 2006) (quotation omitted).

**B.** **The district court clearly erred by applying an enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B).**

Section 2K2.1(b)(4)(B) of the Sentencing Guidelines provides for a four-level enhancement to a sentence for a conviction under § 922(g)(1) "[i]f any firearm . . . had an altered or obliterated serial number." U.S.S.G. § 2K2.1(b)(4)(B). "That provision specifically applies only to those firearms which . . . '[have] an altered or obliterated serial number.'" *United States v. Bakhtiari*, 913 F.2d 1053, 1063 (2d Cir. 1990). To be sure, § 2K2.1(b)(4) is a strict liability enhancement, "so the defendant need not be the one who obliterated or altered the serial number." Roger W. Haines, Jr. et al., *Federal Sentencing Guidelines Handbook: Text and Analysis* § 2K2.1 at 963 (2021 ed.) (citing *United States v. Perez*, 585 F.3d 880 (5th Cir. 2009)). But "it is not appropriate to enhance defendant's sentence if the weapon had never had a serial number." *Id.* at 962 (collecting cases in footnote 125).

Although this Court has not directly addressed the issue, several of its sister circuits have held that a district court cannot apply a § 2K2.1(b)(4)(B) enhancement if the firearm did not have a serial number in the first place. *See United States v. Mann*, 701 F.3d 274, 310 (8th Cir. 2012) (holding "[t]he sentencing enhancement applies only to firearms

10

which once possessed a serial number which has been removed; it does not apply to firearms that were never equipped with a serial number." (citation omitted)); *United States v. Laughrin*, 438 F.3d 1245, 1248-49 (10th Cir. 2006), *as amended* (Mar. 16, 2006) (agreeing with the Second and Ninth Circuits "that the clear language of USSG § 2K2.1(b)(4) prohibits its application when the defendant possessed a weapon that had never borne a serial number" because "[t]he Sentencing Commission's failure to make any change in the language of § 2K2.1(b)(4) in the years since *Bakhtiari* and *Seesing* were decided 'suggest[s] that the Sentencing Commission was content with [those] interpretation[s].'" (citation omitted)); *United States v. Seesing*, 234 F.3d 456, 460-61 (9th Cir. 2000) (holding, under plain error review, that the district court erred in applying enhancement "because [defendant's] silencer was homemade and thus never had a serial number that could be altered or obliterated."); *United States v. Bakhtlari*, 913 F.2d 1053, 1063 (2d Cir. 1990) (remanding because "[t]here was no evidence that the silencer had ever had a serial number, nor that the defendant had ever 'obliterated' that serial number").

According to the Tenth Circuit, "even if [it] would have been inclined to disagree with the decisions by [its] fellow circuits as a matter of first impression, their persuasive force has been magnified by the Sentencing Commission's apparent agreement with these decisions." *Laughrin*, 438 F.3d at 1249. The *Laughrin* court reasoned that the Sentencing Commission's decision not to change the language of § 2K2.1(b)(4) in response to *Bakhtiari* and *Seesing* supports the conclusion that it is content with the interpretation that the language of § 2K2.1(b)(4) prohibits its application when the defendant possessed a weapon that had never borne a serial number:

> The Sentencing Commission has amended § 2K2.1 twelve times since *Bakhtiari* was decided in September 1990. *See* USSG § 2K2.1 historical note (2005). None of those amendments changed the language of subsection (b)(4). In addition, in 1993 the Commission specifically addressed § 2K2.1(b)(4) by adding what is now application note 16, which states that the § 2K2.1(b)(4) enhancement applies regardless of the defendant's knowledge that the firearm was stolen or had an altered or obliterated serial number, but it made no reference to firearms that never had a serial number. *See id.* app. C vol. I, amd. 478 (2003). "We . . . interpret and apply the sentencing guidelines in a manner consistent with the Sentencing Commission's intent." *United States v. O'Flanagan*, 339 F.3d 1229, 1235 (10th Cir. 2003). "A fundamental rule of statutory construction is that we presume Congress, when reenacting a statute without change, adopts uniform judicial interpretations given a particular word, phrase, or provision." *Id.* And this same

12

approach applies when construing the guidelines. *See id.* The Sentencing Commission's failure to make any change in the language of § 2K2.1(b)(4) in the years since *Bakhtiari* and *Seesing* were decided "suggest[s] that the Sentencing Commission was content with [those] interpretation[s]." *Id.* at 1235.

*Id.*

Here, the record is devoid of evidence that would support any finding that the short-barreled rifle recovered from Mr. Sharp's vehicle had a serial number in the first place. Because the facts here are too sparse to support the conclusion that the firearm ever had a serial number, the district court erred by applying § 2K2.1(b)(4)(B) to Mr. Sharp.

At sentencing, the government heavily relied upon *United States v. Jones*, 927 F.3d 895 (5th Cir. 2019), *as revised* (Aug. 8, 2019), to support its argument for application of § 2K2.1(b)(4)(B). ROA.131-34. In that case, this Court held that that the district court properly applied the § 2K2.1(b)(4)(B) enhancement because a metal serial-number plate was removed from the gun's frame, leaving only the serial number on the slide remaining unaltered. *See id.* at 896-98. In support of this conclusion, this Court relied upon *United States v. Perez*, 585 F.3d 880 (5th Cir. 2009), holding that "a firearm's serial number is altered or obliterated

when it is materially changed in a way that makes accurate information less accessible." *Jones*, 927 F.3d at 898 (cleaned up).

But here there is no evidence that the short-barreled rifle recovered from Mr. Sharp's vehicle was "materially changed in a way that makes accurate information less accessible." Accordingly, neither *Jones* not *Perez* supports the government's position.

In sum, it is not plausible in light of the record as a whole that the short-barreled rifle ever had a serial number, much less that Mr. Sharp or anyone else "altered or obliterated" that serial number. As in *Bakhtiari*, this Court is "bound, . . . , by the provision the Sentencing Commission did in fact adopt, and that provision specifically applies only to those firearms which '[were] stolen or [have] an altered or obliterated serial number.'" 913 F.2d at 1063 (citing § 2K2.2(b)(2) (renumbered as § 2K2.1(b)(4)). The enhancement, therefore, was applied in error.

Furthermore, application of the enhancement was not harmless. To show a sentencing error is harmless, the government must "convincingly demonstrate[ ] both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done

so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).

The district court below imposed a sentence at the high end of the Guidelines, "making it more likely the advisory range had an anchoring effect." *United States v. Mecham*, 950 F.3d 257, 268 (5th Cir.), cert. denied, 141 S. Ct. 139, 207 L. Ed. 2d 1082 (2020). With the four-level enhancement, Mr. Sharp's total offense level was 15, and his advisory guidelines range was 37 to 46 months. ROA.140, 215. Absent the enhancement, Mr. Sharp's total offense level would have been 11, and his Guidelines range would have been 24 to 30 months. *See* U.S.S.G. Ch. 5, pt. A (Sentencing Table).

Under these circumstances, the government cannot show that the district court would have imposed the same sentence had it not made the error, and that it would have done so for the same reasons it gave at the prior sentencing. In fact, the district court's error in calculating the guidelines range—which serves as the district court's starting point for choosing a sentence—is generally enough to show harm and warrant resentencing. *See Molina-Martinez v. United States*, 136 S. Ct. 1338,

1345 (2016). Accordingly, the error of applying the § 2K2.1(b)(4)(B) enhancement was not harmless.

## Conclusion

This Court should vacate the district court's application of the enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(B) and remand for resentencing based on a recalculation of the sentencing range without the enhancement.

Respectfully Submitted,

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh
Nelson S. Ebaugh, PC
3730 Kirby Drive, Ste 1200
Houston, Texas 77098
(713) 752-0700

*Counsel for Defendant-Appellant*

**Certificate of Service**

I hereby certify that on the 15th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 2,847 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word software in Century Schoolbook 14-point font in text and Century Schoolbook 12-point font in footnotes.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh